UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

JOHN LEE CARTER,

        Petitioner,

v.

RANDEE REWERTS,

        Respondent.
_____/

Case No. 1:18-cv-438

Honorable Robert J. Jonker

## **OPINION**

This is a habeas corpus action brought by a state prisoner, ostensibly under 28 U.S.C. § 2241. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court will dismiss the petition without prejudice for failure to exhaust available state-court remedies.

**Discussion**

I. <u>Factual allegations</u>

Petitioner John Lee Carter presently is incarcerated with the Michigan Department of Corrections at the Carson City Correctional Facility (DRF) in Carson City, Montcalm County, Michigan. A Gladwin County Circuit Court jury found Petitioner guilty of being a felon in possession of a firearm, Mich. Comp. Laws § 750.224f, being a felon in possession of ammunition, Mich. Comp. Laws § 750.224f(6), and possession of a firearm during the commission of a felony (felony firearm), Mich. Comp. Laws § 750.227b. On January 12, 2016, the court sentenced Petitioner as a third-offense felony offender, Mich. Comp. Laws § 769.11, to prison terms of 2 years and 10 months to 10 years on both felon-in-possession convictions, and to a consecutive term of 2 years on the felony-firearm conviction.

On April 13, 2018, Petitioner filed his habeas corpus petition. Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Petitioner has not supplied that date. Petitioner signed his application on April 13, 2018. (Pet., ECF No. 1, PageID.12.) The petition was received by the Court on April 18, 2018. For purposes of this opinion, the Court has given Petitioner the benefit of the earliest possible filing date. *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (holding that the date the prisoner signs the document is deemed under Sixth Circuit law to be the date of handing to officials) (citing *Goins v. Saunders*, 206 F. App'x 497, 498 n.1 (6th Cir. 2006)).

The petition raises four grounds for relief, as follows:

I. PROBABLE CAUSE FOR A SEARCH WARRANT WAS INSUFFICIENT.

II. TROOPER BROOKS' INCIDENT REPORT WAS NOTHING MORE THAN HEARSAY TO TROOPER VELTMAN; THE INFORMATION WAS STALE; LACKED PERSONAL KNOWLEDGE OF ANY WRONG-DOINGS AND WAS INSUFFICIENT TO ESTABLISH PROBABLE CAUSE FOR A CRIME.

III. TROOPER VELTMAN FAILED THE PEOPLE BY NOT CONFERRING WITH TROOPER BROOKS ABOUT THE FACTUAL ACCURACY OF BROOKS'S INCIDENT REPORT, LEAVING VELTMAN WITH NO PERSONAL KNOWLEDGE FOR HIM TO APPLY FOR A SEARCH WARRANT.

IV. BECAUSE THERE WAS NO VICTIM TO THE ALLEGATION OF FELONIOUS ASSAULT, THE TRIAL COURT NEVER HAD SUBJECT MATTER JURISDICTION TO PROCEED WITH A TRIAL.

(Pet., ECF No. 1, PageID.7, 10, 12.)

Petitioner appealed his convictions to the Michigan Court of Appeals, apparently raising at least the first two grounds presented in his habeas petition and some additional issues not presented in his petition. In a lengthy unpublished opinion issued on August 10, 2017, the court of appeals rejected all appellate grounds and affirmed the convictions. *See People v. Carter*, No. 331332, 2017 WL 3441396 (Mich. Ct. App. Aug. 10, 2017).

Petitioner filed an application for leave to appeal to the Michigan Supreme Court and sought immediate consideration. In his application, Petitioner raises the four grounds presented in his habeas petition, together with a fifth ground:

V. THE MALICIOUS PROSECUTION OF WHICH MR. CARTER WAS SUBJECTED TO RESULTED IN AN ABUSE OF PROCESS AND FALSE IMPRISONMENT (OR KIDNAPPING) OF MR. CARTER. THE COURT RECORD PROVES THAT GLADWIN COUNTY PROSECUTORS, JUDGES, THE MICHIGAN STATE POLICE, AND THE COURT OF APPEALS HAVE GRIEVOUSLY FAILED THE PEOPLE OF THE GREAT STATE OF MICHIGAN AND THE ENTIRE JUDICIAL PROCESS BY FALSELY IMPRISONING MR. CARTER.

(Ex. C to Pet., ECF No. 1-1, PageID.26.) In an order issued on February 20, 2018, the supreme court granted immediate consideration, but held the case in abeyance pending the court's

resolution of *People v. Straughter*, No. 156198. *See People v. Carter*, No. 156309, 906 N.W.2d 798 (Mich. Feb. 20, 2018) (Mem. Ord.). The court denied Petitioner's motion for immediate release or bond. *Id.* The matter remains pending in the Michigan Supreme Court.

## II. Exhaustion of State Court Remedies

A state prisoner seeking post-conviction relief from a federal court has but one remedy: an application for a writ of habeas corpus. *See Rittenberry v. Morgan*, 468 F.3d 331, 336-37 (6th Cir. 2006). All such applications for writs of habeas corpus are governed by § 2241, which generally authorizes federal courts to grant the writ – to both federal and state prisoners. *Id.* Most state prisoners' applications for writs of habeas corpus are subject also to the additional restrictions of § 2254. That is, if a state prisoner is "in custody pursuant to the judgment of a State court," his petition is subject to the procedural requirements of § 2254. *Id.*; *see also Thomas v. Crosby*, 371 F.3d 782, 803 (11th Cir. 2004); *Walker v. O'Brien*, 216 F.3d 626, 633 (7th Cir. 2000). Petitioner brings this action seeking relief from custody from a state court judgment. His action, therefore, is governed by § 2254.

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971), *cited in Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest

4

court. *Duncan*, 513 U.S. at 365-66; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. The district court can and must raise the exhaustion issue *sua sponte* when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138-39.

Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Petitioner's allegations suggest that he has raised at least Grounds I and II to both the Michigan Court of Appeals and the Michigan Supreme Court, though the Michigan Supreme Court has not yet reached a decision in the case. It is not entirely clear from the petition whether Petitioner presented his third habeas ground to the Michigan Court of Appeals, and it appears that Petitioner raised his fourth habeas ground for the first time in the Michigan Supreme Court.

An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). Petitioner has at least one available procedure by which to raise the issues he has presented in this application.

First, at a minimum, Petitioner must complete his direct appeal process by waiting for the Michigan Supreme Court to reach a decision on his appeal.

Second, to the extent that he raised any issues for the first time in the Michigan Supreme Court, those issues will not be considered exhausted unless the Michigan Supreme Court

actually decides them.  Presentation of an issue for the first time on discretionary review to the state supreme court does not fulfill the requirement of "fair presentation."  *Castille v. Peoples*, 489 U.S. 346, 351 (1989).  Applying *Castille*, the Sixth Circuit repeatedly has recognized that a habeas petitioner does not comply with the exhaustion requirement when he fails to raise a claim in the state court of appeals, but raises it for the first time on discretionary appeal to the state's highest court.  *See Skinner v. McLemore*, 425 F. App'x 491, 494 (6th Cir. 2011); *Thompson v. Bell*, 580 F.3d 423, 438 (6th Cir. 2009); *Warlick v. Romanowski*, 367 F. App'x 634, 643 (6th Cir. 2010); *Granger v. Hurt*, 215 F. App'x 485, 491 (6th Cir. 2007).  Unless the state supreme court actually reviews the issues not presented to the Michigan Court of Appeals, they will remain unexhausted in the state courts.

Third, to the extent that the Michigan Supreme Court declines to review any claims not presented to the Michigan Court of Appeals, Petitioner may file a motion for relief from judgment under MICH. CT. R. 6.500 *et seq.*, raising his previously unexhausted claims.  Under Michigan law effective August 1, 1995, one such motion may be filed.  MICH. CT. R. 6.502(G)(1).  Petitioner has not yet filed his one allotted motion.

Therefore, the Court concludes that Petitioner has at least one available state remedy.  In order to properly exhaust his presently unexhausted claims, Petitioner must first await the decision of the Michigan Supreme Court.  If he is not satisfied and his new claims are not addressed by the supreme court, Petitioner must file a motion for relief from judgment in the Gladwin County Circuit Court.  If his motion is denied by the circuit court, Petitioner must appeal that decision to the Michigan Court of Appeals and the Michigan Supreme Court.  *See Duncan*, 513 U.S. at 365-66.

Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The Michigan Supreme Court has not yet reached its decision on Petitioner's application for leave to appeal, so his conviction is not yet final. Accordingly, Petitioner's statute of limitations has not begun to run.

In *Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002), the Sixth Circuit held that when the dismissal of a "mixed"[1] petition could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the petitioner has exhausted his claims in the state court. *See also Rhines v. Weber*, 544 U.S. 269, 277 (2007) (approving stay-and-abeyance procedure); *Griffin v. Rogers*, 308 F.3d 647, 652 n.1 (6th Cir. 2002). The *Palmer* court indicated that thirty days was a reasonable amount of time for a petitioner to file a motion for post-conviction relief in state court, and another thirty days was a reasonable amount of time for a petitioner to return to federal court after he has exhausted his state-court remedies.[2] The instant case does not present a mixed petition because none of Petitioner's claims are exhausted. It is unclear whether *Palmer* applies to a "non-mixed" petition. Assuming *Palmer* applies, Petitioner has far more than sixty days remaining in the limitations period, and, thus, he is not in danger of running afoul of the statute of limitations so

---

[1] A "mixed petition" is a habeas corpus petition that contains both exhausted and unexhausted claims. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982).

[2] The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

long as he diligently pursues his state court remedies. Therefore, a stay of these proceedings is not warranted.

## Conclusion

For the foregoing reasons, the Court will dismiss the petition without prejudice for failure to exhaust available state-court remedies.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court already has determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr.*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved the issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district

court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.

This Court denied Petitioner's application on the procedural ground of lack of exhaustion. Under *Slack*, 529 U.S. at 484, when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id.* The Court finds that reasonable jurists could not debate that this Court correctly dismissed the petition on the procedural ground of lack of exhaustion. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Therefore, the Court denies Petitioner a certificate of appealability.

An Order and Judgment consistent with this Opinion will be entered.


Dated:   April 27, 2018              /s/ Robert J. Jonker
                                                              ROBERT J. JONKER
                                                              CHIEF UNITED STATES DISTRICT JUDGE